UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RANDALL TURNER,** | Civil Case No. 3:12-CV-01851-KI |
| Plaintiff, | OPINION AND ORDER ON NORCOR DEFENDANTS' MOTION TO DISMISS |
| v. | |
| **MULTNOMAH COUNTY,** a political subdivision of the State of Oregon; **WASCO COUNTY,** a political subdivision of the State of Oregon; **GILLIAM COUNTY,** a political subdivision of the State of Oregon; **HOOD RIVER COUNTY,** a political subdivision of the State of Oregon; **SHERMAN COUNTY,** a political subdivision of the State of Oregon; and **OLE LLOYD ANDERSON ERSSON, M.D.; MONICA WAHLS, N.P.; NORTHERN OREGON CORRECTIONAL FACILITY,** | |
| Defendants. | |

Martin R. Reeves
Reeves, Kahn, Hennessy & Elkins
4035 SE 52nd Ave.
P.O. Box 86100
Portland, OR 97286

      Attorney for Plaintiff

Michael A. Lehner
Lehner & Rodrigues, PC
1500 SE First Ave., Suite 1150
Portland, OR 97201

      Attorney for NORCOR Defendants

KING, Judge:

Plaintiff, a federal inmate, housed at Inverness (in Multnomah County) and NORCOR (operated through an affiliation of Wasco, Gilliam, Hood River, and Sherman Counties) (hereinafter, "the NORCOR defendants"), brings a complaint for medical negligence against Multnomah County and the NORCOR defendants, medical malpractice against Dr. Ole Lloyd Anderson Ersson and Nurse Practitioner Monica Wahls, and a section 1983 claim for deliberate indifference against Multnomah County, the NORCOR defendants, Dr. Ersson, and Nurse Wahls.  Pending before me is the NORCOR defendants' Motion to Dismiss for Failure to State a Claim [4].  For the following reasons, I grant the motion in part and defer it in part.

## ALLEGED FACTS

Turner alleges that, while being held at Inverness in the summer of 2010, he began to suffer symptoms from herniated discs in his neck, including numbness and pain in his hands and arms.  He was transferred to NORCOR in July 2010 "where he continued to voice his concerns regarding his deteriorating medical condition."  First Am. Compl. ¶ 3.  Following his complaints,

Page 2 - OPINION AND ORDER ON NORCOR DEFENDANTS' MOTION TO DISMISS

he was given pain medication. His foot began to drag in September 2010, but Nurse Practitioner Monica Wahls at NORCOR diagnosed him as a malingerer "and no testing or further inquiry into his symptoms was done." Id. at ¶ 5.

He was transferred back to Inverness on September 23, 2010, where Dr. Ersson also characterized him as a malingerer and ordered observation. In November 2010, four months after his first request, he received an MRI at OHSU and was referred to a neurosurgeon. On January 8, 2011, Turner developed acute respiratory failure and was taken to Portland Adventist, where he was diagnosed with pulmonary embolisms; he was in a coma for twelve days and did not return to Inverness until January 26, 2011. Turner alleges staff then interfered with his oxygen and his lung collapsed. He finally received spinal fusion and a laminectomy in August of 2011. He alleges permanent spinal cord damage, respiratory failure, kidney damage, brain damage, and vascular damage as a result of the delay and poor medical care.

He alleges he gave Multnomah and Wasco Counties notice of his claim, pursuant to the Oregon Tort Claims Act, on April 12, 2011, and again on June 7, 2011.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). This means that, although a plaintiff need not allege detailed facts, the pleading must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "In sum, for a complaint to survive a

motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 929 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949)).

## DISCUSSION

I.    Section 1983 Claim

Defendants argue that Turner's claim against the NORCOR defendants must fail because Turner has not alleged they violated his constitutional rights through any policy or practice. Liability under section 1983 arises only upon a showing of personal participation by the defendant in the alleged constitutional deprivation. Ortez v. Washington Cnty., 88 F.3d 804, 809 (9th Cir. 1996). There is no *respondeat superior* liability under section 1983. Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). Typically, "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Alternatively, "a county, its administrators or supervisors can be liable if the alleged violation is covered or sanctioned by an official policy or custom." Jones v. Johnson, 781 F.2d 769, 772 (9th Cir. 1986).

Turner argues the NORCOR defendants' practice of allowing a nurse practitioner to treat him amounted to a policy of using unqualified medical staff. He nowhere alleges such a claim, however, and is able to point only to the following allegation: "no testing or further inquiry into his symptoms was done." First Am. Compl. ¶ 5. This allegation is insufficient, even under the lenient notice pleading standard in Federal court, to alert the NORCOR defendants that Turner

alleges they adopted a policy or practice of using unqualified staff and that such a policy or practice was the reason for his harm.

If Turner can in good faith make the allegations he argues, he is permitted to amend his complaint.

II.   Tort Claims Notice

Turner also alleges a claim of negligence against the NORCOR defendants. The NORCOR defendants assert Turner fails to allege in his First Amended Complaint that he sent a tort claims notice to any of the defendants other than Wasco County. Additionally, they contend, the notice he sent to Wasco County was not timely.

Beginning with the timeliness issue, ORS 30.275 requires notice be provided to and received by the public body within 180 days of the alleged loss or injury. The 180-day notice period does "not begin to run until a plaintiff knows or reasonably should know of the facts giving rise to his claim." Jack Doe 1 v. Lake Oswego Sch. Dist., 242 Or. App. 605, 613-14, 259 P.3d 27 (2011) (citation omitted). In the medical malpractice context, "[a] cause of action for personal injury accrues from the date the injury is, or should have been, discovered, not from the time the full extent of damages is ascertained." Raethke v. Oregon Health Sciences Univ., 115 Or. App. 195, 198, 837 P.2d 977 (1992). That discovery is deemed to occur when a plaintiff is or should be aware of (1) the injury, (2) the cause of the injury, and (3) the identity of the tortfeasor. Id.

Turner contends his "injury" occurred on or about January 8, 2011, when he suffered acute respiratory failure, and he characterizes any injury while at NORCOR as reputation-related

and not physical. He concedes NORCOR's mis-diagnosis occurred in September 2010, but argues his physical harm did not occur until January 2011.

Turner's argument is really that he did not know the extent of his harm until January 2011. In the context of medical malpractice cases, Raethke and cases cited therein are helpful. The plaintiff in Raethke learned in June 1987 that her surgery two years before had been botched, but she did not know the full extent of the damage until January 1989 when she learned she was infertile. The court did not accept plaintiff's characterization of the harm as two different kinds of injuries, rather than one injury causing more harm than earlier believed; her tort claims notice was too late. See also Gannon v. Rogue Valley Med. Ctr., 92 Or. App. 314, 758 P.2d 873 (1988) (negligence caused meningitis, but believed not serious until developed organic brain syndrome).

It is true the Oregon Court of Appeals has indicated whether "plaintiff, in the exercise of reasonable care, should have discovered that []he was injured by the tortious act of another is ordinarily a factual question for determination by a jury." Catt v. Dep't of Human Servs. ex rel. State, 251 Or. App. 488, 501, 284 P.3d 352 (2012). However, here, we have a number of admissions from Turner that he knew, before he returned to Inverness, he was not getting the medical attention at NORCOR he felt he needed. First Am. Compl. ¶ 3 ("continued to voice his concerns regarding his deteriorating medical condition"); Compl. No. 3:10-cv-1408-JO (filed Nov. 15, 2010 against NORCOR defendants, complaining of inadequate treatment of his medical needs; voluntarily dismissed without prejudice, after serving defendants); Compl. No. 10-cv-

1127-PK (filed Sept. 14, 2010 against NORCOR commander, complaining of medical needs; voluntarily dismissed without prejudice, defendant not served).[1]

Since I find Turner was aware of his injury before he left NORCOR on September 23, 2010, his notice to Wasco County, served on or about April 12, 2011, was too late even considering any tolling for the time he was in the hospital. As a result, I need not reach the NORCOR defendants' alternative argument that Turner's notice to Wasco County did not put the remaining counties on actual notice of the claim.

I do, however, request further briefing about whether Turner's *pro se* Complaints, filed during the relevant time, provided the NORCOR defendants with "[a]ctual notice" under ORS 30.275(3)(b) or could be considered "[c]ommencement of an action on the claim" under ORS 30.275(3)(c), thereby complying with the notice requirement of the Oregon Tort Claims Act, particularly where Turner dismissed the complaint he served on the NORCOR defendants because he felt he could not properly represent himself. If Turner believes he can make a viable argument demonstrating compliance with the Oregon Tort Claim Act, he may file a short (no more than five page) brief by March 1, 2013, and the NORCOR defendants may file an equally short response by March 15, 2013. After reviewing the briefing, unless I conclude an amendment would be futile, I will allow Turner to amend his complaint to allege the NORCOR defendants had the appropriate notice pursuant to the Oregon Tort Claims Act. If Turner

---

[1] I may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts" in resolving a motion to dismiss. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal citation omitted) (a motion for judgment on the pleadings is the functional equivalent of a motion to dismiss).

believes, however, that no argument can be made, particularly given my rulings above, he shall so notify the Court.

## CONCLUSION

For the foregoing reasons, I grant in part and defer in part the NORCOR defendants' Motion to Dismiss for Failure to State a Claim [4].  Although I grant the NORCOR defendants' motion to dismiss the section 1983 claim against them, Turner is permitted to amend his complaint to allege a policy or practice of deliberate indifference.  I defer the NORCOR defendants' motion to dismiss Turner's negligence claim pending further briefing as directed above.  Once I have resolved the remaining issue, I will set a date by which Turner's Second Amended Complaint will be due.

IT IS SO ORDERED.

DATED this      15th      day of February, 2013.

                                                  /s/ Garr M. King
                                                  Garr M. King
                                                  United States District Judge