UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RANDALL TURNER,** | Civil Case No. 3:12-1851-KI |
| Plaintiff, | SUPPLEMENTAL OPINION AND ORDER ON NORCOR DEFENDANTS' MOTION TO DISMISS |
| v. | |
| **MULTNOMAH COUNTY,** a political subdivision of the State of Oregon; **WASCO COUNTY,** a political subdivision of the State of Oregon; **GILLIAM COUNTY,** a political subdivision of the State of Oregon; **HOOD RIVER COUNTY,** a political subdivision of the State of Oregon; **SHERMAN COUNTY,** a political subdivision of the State of Oregon; and **OLE LLOYD ANDERSON ERSSON, M.D.; MONICA WAHLS, N.P.; NORTHERN OREGON CORRECTIONAL FACILITY,** | |
| Defendants. | |

Martin R. Reeves
Reeves, Kahn, Hennessy & Elkins
4035 SE 52nd Ave.
P.O. Box 86100
Portland, OR 97286

    Attorney for Plaintiff

Michael A. Lehner
Lehner & Rodrigues, PC
1500 SE First Ave., Suite 1150
Portland, OR 97201

    Attorney for NORCOR Defendants

KING, Judge:

Plaintiff Randall Turner, a federal inmate housed during the events alleged in his complaint at Inverness Correctional Facility in Multnomah County and at Northern Oregon Correctional Facility (NORCOR), brings a complaint for medical negligence against Multnomah County and Wasco, Gilliam, Hood River, and Sherman Counties (operators of NORCOR) and NORCOR itself (hereinafter, and together, "the NORCOR defendants"). Plaintiff also alleges medical malpractice against Dr. Ole Lloyd Anderson Ersson and Nurse Practitioner Monica Wahls, and a section 1983 claim for deliberate indifference against Multnomah County, the NORCOR defendants, Dr. Ersson, and Nurse Wahls. Pending before me is the portion of the NORCOR defendants' Motion to Dismiss for Failure to State a Claim [4] that I deferred in an earlier Opinion and Order [ECF 18]. For the following reasons, I now grant the motion but permit plaintiff to amend his complaint.

## ALLEGED FACTS

Turner alleges that, while being held at Inverness in the summer of 2010, he began to suffer symptoms from herniated discs in his neck, including numbness and pain in his hands and arms. He was transferred to NORCOR in July 2010 "where he continued to voice his concerns regarding his deteriorating medical condition." First Am. Compl. ¶ 3. Following his complaints, he was given pain medication. His foot began to drag in September 2010, but Nurse Practitioner Monica Wahls at NORCOR diagnosed him as a malingerer "and no testing or further inquiry into his symptoms was done." Id. at ¶ 5.

He was transferred back to Inverness on September 23, 2010, where Dr. Ersson also characterized him as a malingerer and ordered observation. In November 2010, four months after his first request, he received an MRI at OHSU and was referred to a neurosurgeon. On January 8, 2011, Turner developed acute respiratory failure and was taken to Portland Adventist, where he was diagnosed with pulmonary embolisms; he was in a coma for twelve days and did not return to Inverness until January 26, 2011. Turner alleges staff then interfered with his oxygen and his lung collapsed. He finally received spinal fusion and a laminectomy in August of 2011. He alleges permanent spinal cord damage, respiratory failure, kidney damage, brain damage, and vascular damage as a result of the delay and poor medical care.

He alleges he gave Multnomah and Wasco Counties notice of his claim, pursuant to the Oregon Tort Claims Act, on April 12, 2011, and again on June 7, 2011.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

Page 3 - SUPPLEMENTAL OPINION AND ORDER

(2007) (quotation omitted). This means that, although a plaintiff need not allege detailed facts, the pleading must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 929 (9th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949)).

## DISCUSSION

I.  Section 1983 Claim

As I indicated in the previous Opinion and Order, if Turner can in good faith make the allegation that the NORCOR defendants' practice of allowing a nurse practitioner to treat him amounted to a policy of using unqualified medical staff, he is permitted to amend his complaint. His Second Amended Complaint is due May 15, 2013.

II.  Tort Claims Notice

Turner also alleges a claim of negligence against the NORCOR defendants. I previously noted that Turned failed to allege in his First Amended Complaint that he sent a tort claims notice to any of the NORCOR defendants other than Wasco County. Furthermore, I agreed with the NORCOR defendants that Turner's tort claims notice to Wasco County was untimely. As a result, plaintiff failed to comply with the Oregon Tort Claims Act ("OTCA").

However, I questioned whether Turner's *pro se* complaints, filed during the relevant time, but voluntarily dismissed before Turner filed *this* Complaint, might constitute either "[a]ctual

notice" under ORS 30.275(3)(b) or "[c]ommencement of an action on the claim" under ORS 30.275(3)(c), thereby complying with the OTCA's notice requirement.  See Turner v. Weed, No. 3:10-cv-1408-JO (D. Or. Nov. 15, 2010) (sued NORCOR defendants, complaining of inadequate treatment of his medical needs; voluntarily dismissed without prejudice, after serving defendants); Turner v. Capt. Weed, No. 10-cv-1127-PK (D. Or. Sept. 14, 2010) (sued NORCOR commander, complaining of medical needs; voluntarily dismissed without prejudice, defendant not served).  I requested supplemental briefing from the parties.

Turner does not argue that his September 2010 complaint satisfied his obligation under the OTCA.  Accordingly, I do not address it.  He does contend the November 2010 lawsuit, filed against various individuals and "NORCOR Facility Owners," constituted either actual notice or commencement of an action.[1]

According to the NORCOR defendants, Turner's *pro se* complaints do not satisfy the notice requirements of the OTCA because the complaints were not served on the counties and the counties were not named as parties in those complaints.  Defendants agree "a distinction may be made with respect to the Norcor Facility."  Defs.' Supp. Mem. 3.

I agree with the NORCOR defendants that, because plaintiff's complaints did not name the counties as defendants, no action was commenced against any of the four counties for purposes of ORS 30.275(3)(c).  Of course, plaintiff commenced an action against NORCOR itself.  I will permit plaintiff to amend his complaint to allege notice to the NORCOR facility.

---

[1] Plaintiff also asserts another complaint, in which he sued the Multnomah County Sheriff, the Inverness Jail Commander, and Mr. Krasner, the Inverness Jail Legal Librarian, meets the OTCA notice requirement.  See Turner v. Mult. Cnty. Sheriff, No. 10-cv-1409-JO (D. Or. November 15, 2010).  Since no motion is pending from Multnomah County, I do not address plaintiff's argument.

Page 5 - SUPPLEMENTAL OPINION AND ORDER

Alternatively, with respect to the OTCA's allowance for "[a]ctual notice," plaintiff must allege and prove that he gave notice to one of the people responsible for receiving tort claims for each county. Notice may be given to the county's "principal administrative office, to any member of the governing body of the public body, or to an attorney designated by the governing body as its general counsel" or to "any person responsible for administering tort claims on behalf of the public body[.]" ORS 30.275(5) and (6). Any notice must be "such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body." Id.

After it received the November 2010 complaint, the Court prepared a Notice of Lawsuit and Request for Waiver of Service of Summons and sent it to Eric Nisely, District Attorney for Wasco County, believing he represented the defendants named in the complaint. Notice of Lawsuit, Turner v. Weed, No. 10-cv-1408-JO (D. Or. December 6, 2010) [ECF 6]. The Court requested Mr. Nisely consider waiving service. James K. Weed signed the waiver of service on behalf of himself, Larry Lindhurst, "NORCOR Corrections," and Monica Wahls. Waiver of Service, Turner v. Weed, No. 10-cv-1408-JO (D. Or. December 28, 2010) [ECF 8]. The NORCOR defendants assert plaintiff has not alleged or argued any of these people were responsible for administering tort claims on behalf of any of the counties.

I will permit plaintiff to amend his complaint to allege actual notice to the counties based on service of the complaint, if he can make those allegations in good faith. Plaintiff is warned that his reliance on Urban Renewal Agency of City of Coos Bay v. Lackey, 275 Or. 35, 41 (1976) is inapposite. In that case, the court concluded a counterclaim satisfied the notice requirement, but there was no confusion about the parties named in the litigation and, furthermore, the

Page 6 - SUPPLEMENTAL OPINION AND ORDER

attorney representing the urban renewal agency was the agent hired by the agency to deal with the conflict.  Here, there is not yet an allegation or evidence that the Wasco District Attorney, a person selected by the *Court* to consider waiving service on behalf of defendants, is a person selected by each of the counties to administer tort claims, nor is there any allegation or evidence that any of the other individual defendants who waived service played any role in administering tort claims for any of the counties.  In addition, he should ensure he can show *each county* would conclude that plaintiff intended to assert a claim against it by looking at the complaint.

## CONCLUSION

For the foregoing reasons, I grant the NORCOR defendants' Motion to Dismiss for Failure to State a Claim [4].  Turner is permitted to amend his Fourth Claim for Relief to allege a policy or practice of deliberate indifference.  Turner is also permitted to amend his First Claim for Relief to allege compliance with the Oregon Tort Claims Act.  Turner's Second Amended Complaint is due May 15, 2013.[2]

IT IS SO ORDERED.

DATED this ___1st___ day of May, 2013.

                                                     /s/ Garr M. King
                                                  Garr M. King
                                                  United States District Judge

---

[2]To avoid unnecessary confusion, Turner should pay close attention to the defendants he names in the parenthetical under each "Claim for Relief."  See Compl. 1 (listing Multnomah County, Wasco County, and individual defendants, but not Gilliam County, Hood River County, Sherman County and NORCOR).