Martin W. Reeves, OSB No. 813462
Reeves, Kahn, Hennessy & Elkins
4035 SE 52nd Ave.
P. O. Box 86100
Portland, OR 97286
Phone:  503-777-5473
Fax:  503-777-8566
Email:  mreeves@rke-law.com
Attorneys for Plaintiff
Randall Turner

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| RANDALL TURNER, ) | Case Number:  3:12-CV-01851-ST |
| Plaintiff, ) | |
| ) | SECOND AMENDED COMPLAINT |
| v. ) | (Negligence; Medical Malpractice, Civil Rights Violation) |
| ) | |
| MULTNOMAH COUNTY, a political ) subdivision of the State of Oregon; and ) OLE LLOYD ANDERSON ERSSON, ) M.D.; and MONICA WAHLS, N.P.; ) and NORCOR. ) | |
| ) | |
| Defendants. ) | |

Comes now, Plaintiff Randall Turner ("Plaintiff"), and alleges as follows:

## FIRST CLAIM FOR RELIEF

(Negligence- Defendant Northern Oregon Correctional Facility; Defendant

Multnomah County;

Defendant Ole Lloyd Ersson, MD; Defendant Monica Wahls, N.P.)

1.

At the times of the denial of medical care, starting on or about July 31, 2010,

and continuing:

Page 1 – SECOND AMENDED COMPLAINT

REEVES, KAHN, HENNESSY & ELKINS
Attorneys at Law
4035 SE 52nd Avenue
P.O. Box 86100
Portland, Oregon 97286-0100
(503) 777-5473 - FAX (503) 777-8566

(a)    Plaintiff Randall Turner ("Turner") was an inmate in the legal custody of the United States Marshal Service (the "USMS");

(b)    Plaintiff was a resident of the State of Oregon;

(c)    Defendant Multnomah County ("Multnomah County") is a governmental entity and political subdivision of the State of Oregon;

(d)    Inverness Jail ("Inverness") is a correctional facility operated and controlled by
Multnomah County and charged with the care and custody of the inmates held therein;

(e)    NORCOR is the assumed business name of "Northern Oregon Corrections" which is a correctional facility charged with the care and custody of the inmates held therein and which is, on information and belief, owned, operated, and controlled by an affiliation of counties including Wasco County, Gilliam County, Hood River County, and Sherman County;

(f)    On information and belief, the USMS contracted with Inverness to exercise physical custody of and provide care for Turner during his pretrial incarceration;

(g)    On information and belief, the USMS contracted with NORCOR to exercise physical custody of and provide care for Turner during his pretrial incarceration;

(h)    Defendant Ole Lloyd Ersson, M.D. ("Ersson") was an agent or employee of Inverness jail and responsible for providing medical services to Plaintiff and other inmates at Inverness; and

(i)    Defendant Monica Wahls, N.P. ("Wahls") was an agent or employee of NORCOR and responsible for providing medical services to Plaintiff and other inmates at Inverness.

Page 2 – SECOND AMENDED COMPLAINT

*REEVES, KAHN, HENNESSY & ELKINS*
*Attorneys at Law*
*4035 SE 52nd Avenue*
*P.O. Box 86100*
*Portland, Oregon 97286-0100*
*(503) 777-5473 - FAX (503) 777-8566*

2.

During the summer of 2010 while being held at Inverness, Turner began to experience increasing radiculopathic pain, and began to experience a loss of feeling in his arms, hands, and neck. He was diagnosed with chronic pain, and was given medication for the pain.

3.

After his initial complaint of pain, Turner was transferred to NORCOR, in The Dalles, on or about July 20, 2010, where he continued to voice his concerns regarding his deteriorating medical condition.

4.

On or about July 21, 2010, believing that his symptoms were related to his previously herniated discs in his neck, Turner requested medical assistance from his jailers stating that he had "a great deal of pain, numbness in both hands and arms" and asking them to "please help". Turner was again diagnosed with chronic pain, given medication to mask the pain, and received no neurological testing or imaging studies.

5.

In September of 2010 while at NORCOR Turner's foot began to drag, he was experiencing "shooting pain" in his back, and weakness in his leg. He requested an MRI. Turner was seen by Nurse Practitioner Monica Wahls who diagnosed him as a "malingerer" and no testing or further inquiry into his symptoms was done.

6.

On or about September 23, 2010, Turner returned to the Inverness facility where he was seen by Dr. Ole Lloyd Anderson Ersson who continued to characterize Turner as a malingerer, and ordered that Turner be "observ[ed] in housing area" and ordered no analytic testing or consultation with a neurologist.

Page 3 – SECOND AMENDED COMPLAINT

REEVES, KAHN, HENNESSY & ELKINS
Attorneys at Law
4035 SE 52nd Avenue
P.O. Box 86100
Portland, Oregon 97286-0100
(503) 777-5473 - FAX (503) 777-8566

7.

Despite Turner's continued symptoms and complaints, Defendants ignored his symptoms and failed to provide adequate treatment or adequate diagnosis. In October of 2010, during a meeting with Inverness medical staff, Turner became angry that his requests for help were being ignored and, after he expressed this, he was placed into disciplinary segregation.

8.

In November of 2010, Turner had another consultation with Dr. Ersson during which Turner's pleas for an MRI were ignored, despite the increased swelling in Turner's legs and persistence of other symptoms. During November, nearly four months after his first request for help, a consultation at OHSU took place with a Dr. Gibbs who ordered an MRI for the first time, and referred Turner to a neurosurgeon named Dr. Nemecek.

9.

During the neurosurgical consultation Dr. Nemecek in late December 2010, surgery was recommended.

10.

On Christmas Day of 2010, turner began to cough up blood and experience breathing problems, as well as bladder and renal problems. He was taken to Portland Adventist Hospital, and promptly released under protest back to Inverness.

11.

On December 29, 2010, with his symptoms persisting Turner took apart his catheter in order to return to Adventist where he was once again quickly released back to Inverness.  On January 8, 2011, Turner was taken to Portland Adventist Hospital in "acute respiratory failure" and when he arrived, the CT scan revealed a

Page 4 – SECOND AMENDED COMPLAINT

*REEVES, KAHN, HENNESSY & ELKINS*
*Attorneys at Law*
*4035 SE 52nd Avenue*
*P.O. Box 86100*
*Portland, Oregon 97286-0100*
*(503) 777-5473 - FAX (503) 777-8566*

variety of pulmonary embolisms. He was in a coma for twelve days and it was anticipated he would die.

12.

Through intervention at Adventist, Turner's life was saved and on January 26, 2011, he was returned to Inverness in a weakened state. While there his health continued to decline, and the oxygen prescribed by Adventist was interfered with by jail staff. Subsequently, Turner's lung collapsed and he was returned to Adventist for treatment once again.

13.

Finally in August of 2011, Turner was admitted to OHSU to undergo a spinal fusion and laminectomy nearly a year after he first raised concern regarding his neurological symptoms.

14.

Turner provided notice of his tort claim by commencing a pro se suit against Defendant NORCOR and Defendant Monica Wahls on November 15, 2010 (3:10-cv-1408-JO).

15.

A waiver of service was executed and returned on behalf of Defendant NORCOR and Defendant Wahls by the facility administrator, James K. Weed, on December 27, 2010.

16.

Defendant NORCOR is registered with the Oregon Secretary of State as an assumed business name of registrant "Northern Oregon Correctional Facility" which is not a separately registered entity in Oregon.

17.

Turner provided notice of his tort claim by commencing a pro se suit against Defendant Multnomah County on November 15, 2010 (3:10-cv-01409-JO)

Page 5 – SECOND AMENDED COMPLAINT

*REEVES, KAHN, HENNESSY & ELKINS*
*Attorneys at Law*
*4035 SE 52nd Avenue*
*P.O. Box 86100*
*Portland, Oregon 97286-0100*
*(503) 777-5473 - FAX (503) 777-8566*

wherein he alleged in an addendum that plaintiff "has been completely ignored in his pleas to be taken to an emergency room, where the proper diagnostic equipment could be employed by qualified medical personnel. All of [the] Plaintiff's pleas have fallen on deaf ears..".

18.

A waiver of service was executed and returned on behalf of Defendant Multnomah County on December 15, 2010.

19.

Defendants were negligent in one or more of the following particulars:

a.    In failing to diagnose and treat the neurological progressive and severe diseases he was suffering from, spinal stenosis;

b.    In failing to obtain a qualified medical evaluation of Turner;

c.    In failing to refer him for a neurological/neurosurgical consultation; and

d.    In failing to provide him with medical care and treatment associated with the minimal standards of a competent medical professional.

20.

As a further direct and proximate result of the neglect of the Plaintiff's medical needs, he has suffered permanent spinal cord damage that will impair his future functioning; has suffered a deterioration of his physical health in multiple respects, including respiratory failure, kidney damage, permanent scarring on his lungs, brain damage due to hypoxia, and vascular damage, all to his non-economic general damage in the amount of $899,999.00 and future medical expenses of $100,000.00.

/ / /

/ / /

/ / /

Page 6 – SECOND AMENDED COMPLAINT

REEVES, KAHN, HENNESSY & ELKINS
*Attorneys at Law*
4035 SE 52nd Avenue
P.O. Box 86100
Portland, Oregon 97286-0100
(503) 777-5473 - FAX (503) 777-8566

## SECOND CLAIM FOR RELIEF

### (Medical Malpractice – Defendant Ersson)

21.

Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1-20, above.

22

Defendant Ersson was a medical doctor licensed to practice in the State of Oregon, and was providing medical services at Inverness Jail in Portland, Oregon.

23.

Defendant Ersson was negligent in one or more of the following particulars:

a.    In failing to adequately diagnose or treat Turner's neurological diseases, spinal stenosis;

b.    In failing to refer Turner for diagnosis and treatment of his neurological diseases, spinal stenosis to a physician with the requisite diagnostic skills to treat his conditions;

c.    In delaying the treatment of Turner's neurological diseases, spinal stenosis to the point where plaintiff's condition significantly and permanently deteriorated, and nearly resulted in his death and permanent disability; and

d.    In failing to furnish reasonable and appropriate medical care for the problems suffered by Mr. Turner.

24.

As a direct and proximate result of defendant Ersson's negligence, Plaintiff was forced to undergo painful and emergency surgery. The medical procedure and treatment necessitated by defendant Ersson's negligence have resulted in pain and suffering, permanent physical impairment, permanent psychological harm, loss of sleep, and the permanent impairment of Turner's physical condition, all to his non-

Page 7 – SECOND AMENDED COMPLAINT

*REEVES, KAHN, HENNESSY & ELKINS*
*Attorneys at Law*
*4035 SE 52nd Avenue*
*P.O. Box 86100*
*Portland, Oregon 97286-0100*
*(503) 777-5473 - FAX (503) 777-8566*

economic damage in the amount of $899,999.00, or such other amount as may be proven at trial.

25.

As a further direct and proximate result of defendant Ersson's negligence, Turner has incurred and will continue to incur economic damages for medical expenses in an approximate amount of $100,000.00, or such other amount as may be proven at trial.

### THIRD CLAIM FOR RELIEF

(Medical Malpractice – Defendant Wahls)

26.

Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1-20, above.

27.

Defendant Wahls was a nurse practitioner licensed to practice in the State of Oregon, and was providing medical services at NORCOR in The Dalles, Oregon.

28.

Defendant Wahls was negligent in one or more of the following particulars:

a.    In failing to adequately diagnose or treat Turner's spinal stenosis;

b.    In failing to refer Turner for diagnosis and treatment of his spinal stenosis by a physician with the requisite diagnostic skills to treat his spinal stenosis;

c.    In delaying the treatment of Turner's spinal stenosis to the point where plaintiff's condition significantly and permanently deteriorated, and nearly resulted in his death; and

d.    In failing to furnish reasonable and appropriate medical care for the problems suffered by Mr. Turner.

Page 8 – SECOND AMENDED COMPLAINT

*REEVES, KAHN, HENNESSY & ELKINS*
*Attorneys at Law*
*4035 SE 52nd Avenue*
*P.O. Box 86100*
*Portland, Oregon 97286-0100*
*(503) 777-5473 · FAX (503) 777-8566*

29.

As a direct and proximate result of defendant Wahls' negligence, Plaintiff was forced to undergo painful and emergency surgery.  The medical procedure and treatment necessitated by defendant Wahls' negligence have resulted in pain and suffering, permanent physical impairment, permanent psychological harm, loss of sleep, and the permanent impairment of Turner's physical condition, all to his non-economic damage in the amount of $899,999.00.

30.

As a further direct and proximate result of defendant Wahls' negligence, Turner has incurred and will continue to incur economic damages for medical expenses in an approximate amount of $100,000.00, or such other amount as may be proven at trial.

## FOURTH CLAIM FOR RELIEF

(Civil Rights Violation, §1983 - Defendant

Dr. Ole Ersson MD, Defendant Monica Wahls, N.P.)

31.

Plaintiff realleges and incorporates herein by reference all of the allegations contained in paragraphs 1-20, above.

32.

At all times material hereto defendant Ersson was acting under a color of law and under color of authority as an officer, employee, and/or agent of Multnomah County.

33.

At all times material hereto defendant Wahls was acting under color of law and under color of authority as an officer, employee, and/or agent of NORCOR, which is owned, operated, and/or controlled by an affiliation of Wasco, Gilliam, Hood River, and Sherman County.

Page 9 – SECOND AMENDED COMPLAINT

*REEVES, KAHN, HENNESSY & ELKINS*
*Attorneys at Law*
*4035 SE 52nd Avenue*
*P.O. Box 86100*
*Portland, Oregon 97286-0100*
*(503) 777-5473 - FAX (503) 777-8566*

34.

Defendants were deliberately indifferent to the medical needs of Turner and the risk that death and/or permanent disability would result from the denial of and/or inadequate medical care afforded; that is Defendants knew of it and disregarded it by failing to take reasonable measures to address it.

35.

As a result of the actions and inactions of defendants Ersson, Wahls, Plaintiff Turner suffered:

    a.    A violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution requiring him to be afforded equal protection of the laws;

    b.    Loss of his physical liberty;

    c.    Cruel and unusual punishment within the meaning of the Eighth Amendment to the United States Constitution;

    d.    Permanent emotional and physical disability.

36.

Pursuant to 42 U.S.C. §1983, plaintiff is entitled to recover his costs, disbursements and attorney fees incurred herein.

WHEREFORE, Plaintiff prays for a judgment as follows:

A.    On Plaintiff's First Claim for Relief:

    1.    Economic damages, in type and amount of:

        a.    Future wage loss for impact to earning capacity, in amount to be proven at trial.

    2.    Non-economic damages in the amount of $899,999.00 or in an amount to be determined at trial;

/ / /

Page 10 – SECOND AMENDED COMPLAINT

REEVES, KAHN, HENNESSY & ELKINS
Attorneys at Law
4035 SE 52nd Avenue
P.O. Box 86100
Portland, Oregon 97286-0100
(503) 777-5473 - FAX (503) 777-8566

        3.     Plaintiff's future medical expenses in the amount of $100,000.00 or in an amount to be determined at  trial;

        4.     Plaintiff's costs and disbursements as may have been reasonably incurred in connection herewith; and,

        5.     Such other remedies as the court finds appropriate.

B.     On Plaintiff's Second Claim for Relief:

        1.     Economic damages, in type and amount of:

             a.     Future wage loss for impact to earning capacity, in amount to be proven at trial.

        2.     Non- economic damages in the amount of $899,999.00 or in an amount to be determined at trial;

        3.     Plaintiff's future medical expenses in the amount of $100,000.00 or in an amount to be determined at  trial;

        4.     Plaintiff's costs and disbursements as may have been reasonably incurred in connection herewith; and,

        5.     Such other remedies as the court finds appropriate.

C.     On Plaintiff's Third Claim for Relief:

        1.     Economic damages, in type and amount of:

             a.     Future wage loss for impact to earning capacity, in amount to be proven at trial.

        2.     Non- economic damages in the amount of $899,999.00 or in an amount to be determined at trial;

        3.     Plaintiff's future medical expenses in the amount of $100,000.00 or in an amount to be determined at  trial;

        4.     Plaintiff's costs and disbursements as may have been reasonably incurred in connection herewith; and,

Page 11 – SECOND AMENDED COMPLAINT

*REEVES, KAHN, HENNESSY & ELKINS*
*Attorneys at Law*
*4035 SE 52nd Avenue*
*P.O. Box 86100*
*Portland, Oregon 97286-0100*
*(503) 777-5473 - FAX (503) 777-8566*

     5.     Such other remedies as the court finds appropriate.

D.    On Plaintiff's Fourth claim for relief:

     1.     Economic damages, in type and amount of:

         a.     Future wage loss for impact to earning capacity, in amount to be proven at trial.

     2.     Non-economic damages in the amount of $899,999.00 or in an amount to be determined at trial;

     3.     Plaintiff's future medical expenses in the amount of $100,000.00 or in an amount to be determined at  trial;

     4.     Plaintiff's costs and disbursements as may have been reasonably incurred in connection herewith;

     5.     Plaintiff's reasonable attorney fees associated with the prosecution of this matter; and,

     6.     Such other remedies as the court finds appropriate.

DATED this 15th day of May, 2013.

REEVES, KAHN, HENNESSY & ELKINS

/s/ Martin W. Reeves
Martin W. Reeves, OSB No. 813462
Email: mreeves@rke-law.com
of Attorneys for Plaintiff

Page 12 – SECOND AMENDED COMPLAINT

*REEVES, KAHN, HENNESSY & ELKINS*
*Attorneys at Law*
*4035 SE 52nd Avenue*
*P.O. Box 86100*
*Portland, Oregon 97286-0100*
*(503) 777-5473 - FAX (503) 777-8566*

CERTIFICATE OF SERVICE

I certify that on the date written below, I served a copy of the foregoing SECOND AMENDED COMPLAINT upon the attorneys for the parties upon the parties hereto by the method indicated below, and addressed to the following

TO:                                              VIA:

Michael J. Estok                                 ECF
Lindsay Hart, LLP.
1300 SW 5th, Suite 3400
Portland, OR 97201
Of Attorneys for Defendant Monica Wahls


Michael Lehner                                   ECF
Lehner & Rodriguez, PC
1500 SW 1st Avenue, Suite 1150
Portland, OR 97201
Of Attorneys for Defendants Wasco County, Gilliam County,
    Hood River County, Sherman County, and NORCO


David Blankfeld                                  ECF
Assistant County Counsel
501 SE Hawthorne Blvd., Suite 500
Portland, OR 97214
Of Attorneys for Defendants Multnomah County
    and Dr. Ole Lloyd Anderson Ersson

Dated: May 15, 2013.

                          REEVES, KAHN, HENNESSY & ELKINS

                          /s/ Martin W. Reeves
                          Martin W. Reeves, OSB No. 813462
                          Reeves, Kahn, Hennessy & Elkins
                          Attorneys for Plaintiffs
                          4035 SE 52nd Ave.
                          P. O. Box 86100
                          Portland, OR 97286
                          Phone:  503-777-5473
                          Fax:  503-777-8566
                          Email:  mreeves@rke-law.com

Page 13 – SECOND AMENDED COMPLAINT

REEVES, KAHN, HENNESSY & ELKINS
Attorneys at Law
4035 SE 52nd Avenue
P.O. Box 86100
Portland, Oregon 97286-0100
(503) 777-5473 - FAX (503) 777-8566