UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **RANDALL TURNER,** | Civil Case No. 3:12-1851-KI |
| Plaintiff, | OPINION AND ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO APPEAL |
| v. | |
| **MULTNOMAH COUNTY, a political subdivision of the State of Oregon; WASCO COUNTY, a political subdivision of the State of Oregon; GILLIAM COUNTY, a political subdivision of the State of Oregon; HOOD RIVER COUNTY, a political subdivision of the State of Oregon; SHERMAN COUNTY, a political subdivision of the State of Oregon; and OLE LLOYD ANDERSON ERSSON, M.D.; MONICA WAHLS, N.P.; NORTHERN OREGON CORRECTIONAL FACILITY,** | |
| Defendants. | |

    Randall Turner
90675-011
FCI Terminal Island
P.O. Box 3007
Terminal Island, CA 90731

        *Pro se* Plaintiff

Michael A. Lehner
Jennifer L. Maks
Lehner & Rodrigues
1500 SW First Ave., Suite 900
Portland, OR 97201

        Attorneys for NORCOR

KING, Judge:

Pending before me is Randall Turner's *pro se* Motion for Extension of Time to File an Appeal, pursuant to 28 U.S.C. § 2107. Turner seeks to appeal the judgment dismissing NORCOR with prejudice, entered pursuant to Federal Rule of Civil Procedure ("FRCP") 54(b).

## BACKGROUND

Turner alleges claims for deliberate indifference to his medical needs under 42 U.S.C. § 1983 and medical malpractice while detained at Inverness and NORCOR pending resolution of federal charges. When Turner filed his complaint in Multnomah County Circuit Court on September 19, 2012, he was represented by two attorneys. Defendants removed the complaint to this Court on October 16, 2012.

On October 30, 2013, I granted NORCOR's motion for summary judgment. I subsequently entered judgment pursuant to FRCP 54(b), dismissing NORCOR with prejudice on January 6, 2014.

The day before a scheduled telephone conference to set new case deadlines, Turner's

Page 2 - OPINION AND ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME

attorneys filed a motion to withdraw. I granted the motion during the telephone conference on January 30, 2014.

On March 24, 2014, Turner filed this *pro se* motion for extension of time to appeal, complaining that his attorneys had been negligent in failing to notify him of NORCOR's dismissal. He claimed he received notice of the judgment on March 13, 2014 when he obtained his file from his former attorneys. Along with his motion, Turner filed a declaration in which he declares that he had to ask for copies of documents multiple times before his attorneys would provide them. In his reply, he also complains his attorneys refused to amend the complaint to correct errors, refused to name specific defendants, and "attempted to introduce conflicting testimony into the case[.]" Pl.'s Resp. 2.

Turner attached to his reply an email dated November 15, 2013, in which one of his attorneys explained to Turner, "As I told you over the phone, the court granted NORCOR's motion for summary judgment because the court found that there was not a master/servant relationship between Monica Wahls and NORCOR. The issue has been preserved for appeal, but as it now stands this is the law of the case." Pl.'s Resp. Attachment [78].

## LEGAL STANDARDS

The Court's authority to reopen the time to file an appeal is restricted by FRCP 77(d)(2), which instructs "[l]ack of notice of the entry [of an order or judgment] does not affect the time for appeal or relieve–or authorize the court to relieve–a party for failing to appeal" within the requisite time unless permitted by Federal Rule of Appellate Procedure ("FRAP") 4(a).

Pursuant to FRAP 4(a), a notice of appeal is generally due within 30 days after entry of the judgment. FRAP 4(a)(5) permits the court to extend the time to appeal if the motion is filed

Page 3 - OPINION AND ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME

no later than 30 days after the time prescribed by the rule.

FRAP 4(a)(6) permits the court to reopen the time to file an appeal for a period of 14 days, but only if all of the following conditions are met:

(A) the court finds the moving party did not receive notice of the entry of judgment within 21 days after entry;

(B) the motion to reopen is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice, whichever is earlier; and

(C) the court finds no party would be prejudiced.[1]

## DISCUSSION

I.  Federal Rule of Appellate Procedure 4(a)(6)

A.  Timeliness and Prejudice

Pursuant to FRAP 4(a), Turner's notice of appeal was due within 30 days after entry of the judgment–by February 5, 2014. Turner filed his motion for extension of time to appeal on March 24, 2014. Accordingly, any motion under FRAP 4(a)(5) is untimely as it came outside the 30-day window. However, if I interpret Turner's motion as one to reopen appeal, as opposed to extend the time to appeal, his motion is timely under FRAP 4(a)(6).

NORCOR contends it would be prejudiced by an order reopening the time to appeal. It's only argument is that it thought the case against it had concluded. However, as Turner points out, this cannot be the measure used to assess prejudice, as every defendant believes the case against them has ended once the appeal period comes to a close. NORCOR does not identify any other prejudice that would result from reopening Turner's appeal period.

---

[1] 28 U.S.C. § 2107 contains identical criteria.

B.  Notice of the Entry of Judgment

At the time the Court entered an FRCP 54(b) judgment in NORCOR's favor, Turner was represented by two attorneys. They received electronic notice of the judgment once it was docketed. "'Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all the facts, notice of which can be charged upon the attorney.'" Virtual Vision, Inc. v. Praegitzer Indus., Inc., 124 F.3d 1140, 1144 (9th Cir. 1997) (quoting Kirk v. INS, 927 F.2d 1106, 1108 (9th Cir. 1991)). In short, notice to an attorney generally constitutes notice to a client. Here, Turner's attorneys received notice of the FRCP 54(b) judgment when the Court filed it on January 6, 2014 and, under the general rule, so did Turner. As a result, Turner cannot obtain relief pursuant to FRAP 4(a)(6).

III.  Federal Rule of Civil Procedure 60(b)(6)

Turner moves for relief from the FRCP 54(b) judgment pursuant to FRCP 60(b). FRCP 60(b)(6) permits the court to relieve any party from a final judgment for various specified reasons, including "any other reason justifying relief." However, the Ninth Circuit has held FRAP 4(a)(6) is specific and "'precludes the use of Fed. R. Civ. P. 60(b)(6) to cure problems of lack of notice." In re Stein, 197 F.3d 421, 425 (9th Cir. 1999) (quoting Zimmer St. Louis, Inc. v. Zimmer Co., 32 F.3d 357, 360-61 (8th Cir. 1994)).

I do note the Ninth Circuit's recent exception to In re Stein in the context of a habeas corpus petition. In Mackey v. Hoffman, 682 F.3d 1247, 1247 (9th Cir. 2012), the court held "a district court may grant an incarcerated habeas petitioner relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) if his attorney's abandonment causes him to fail to timely file a notice of appeal." The Ninth Circuit found the petitioner was "not seeking to utilize

Rule 60(b)(6) to cure a Rule 77(d) 'lack of notice' problem.  Indeed, Rule 77(d) notice was given to [petitioner's] counsel of record.  Rather, [petitioner] seeks to utilize Rule 60(b)(6) to cure the problem caused by his being misled and abandoned by his counsel of record."  Mackey, 682 F.3d at 1252.  The court conceded a litigant is "'ordinarily bound by his attorney's negligence, because the attorney and the client have an agency relationship under which the principal is bound by the actions of the agent.'"  Id. (quoting Towery v. Ryan, 673 F.3d 933, 941 (9th Cir. 2012)).  In Mackey's case, however, the court found he had been "inexcusably and grossly neglected by his counsel in a manner amounting to attorney abandonment in every meaningful sense that has jeopardized [his] appellate rights[.]"  Id.

Accordingly, to qualify for relief under FRCP 60(b)(6), Turner must make a showing of extraordinary circumstances; in other words, he must demonstrate injury and circumstances beyond his control prevented him from proceeding.  Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006).  An attorney's action or inaction may warrant relief under FRCP 60(b) if the "neglect [is] so gross that it is inexcusable" in that it "vitiat[es] the agency relationship that underlies our general policy of attributing to the client the acts of his attorney."  Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1171 (9th Cir. 2002) (internal quotation marks omitted).

Turner contends his attorneys abandoned him.  His only evidence of that is his attorneys' failure to file a notice of appeal, after assuring him before entry of the FRCP 54(b) judgment, that the issue of NORCOR's dismissal was preserved for appeal.  A failure to file a notice of appeal in these circumstances is garden variety negligence.  Maples v. Thomas, 132 S. Ct. 912, 923 (2012) (attorney error, such as "miscalculating a filing deadline" is distinguishable from

Page 6 - OPINION AND ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME

complete abandonment). There is no evidence Turner's former attorneys refused to represent Turner when the FRCP 54(b) judgment was entered, or any evidence that they failed to communicate with him or to respond to his inquiries or requests over a lengthy period of time.

Even considering Turner's statements about the other things his attorneys did wrong, his circumstances do not rise to the level of abandonment or deliberate deceit that would constitute extraordinary circumstances. See Mackey, 682 F.2d at 1249 (attorney never filed a brief in support of petition for habeas corpus, but told petitioner he was awaiting a trial date); Tani, 282 F.3d at 1169-71 (attorney failed to provide defense resulting in default judgment and "deliberately deceived" client). Turner's former attorneys defended three separate motions brought by NORCOR, filed a supplemental memorandum at the court's request, and appeared in court to defend against NORCOR's motion for summary judgment. There is no evidence Turners' attorneys abandoned him or misled him. Accordingly, the compelling circumstances in Mackey are simply not present here.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's motion for extension of time to appeal [68].

DATED this ____27th____ day of May, 2014.

    /s/ Garr M. King
   Garr M. King
   United States District Judge